In re Bill W. RAINS, also known as Billy Wayne Rains, Debtor.

Dale A. RUPLINGER, Plaintiff–Appellee,

v.

Bill W. RAINS, also known as Billy Wayne Rains, Defendant–Appellant.

No. 91–6032.

United States Court of Appeals, Tenth Circuit.

Oct. 7, 1991.

Kenneth G. Mayfield, Oklahoma City, Okl., for defendant-appellant.

James S. Matthews, Jr. (Jay Self with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

PER CURIAM.

At issue in this case is whether the district court abused its discretion in entering a default judgment against a defendant who had delayed executing a settlement agreement. Because the district court did not make findings regarding the defendant's willfulness, bad faith or other fault and has not explained why some lesser sanction was not appropriate in this case, we remand for further action by the district court.

Plaintiff Ruplinger was a former Mr. Universe who, in June 1985, brought a tort action against Dr. Rains, an Oklahoma chiropractor, for wrongful appropriation of Mr. Ruplinger's image and endorsement. The case, scheduled for jury trial in August 1987, was preempted when Dr. Rains filed a petition in bankruptcy and was administratively closed pending the conclusion of the bankruptcy proceeding.

Mr. Ruplinger then filed an adversary complaint in the bankruptcy court to determine the dischargeability of his claim against Dr. Rains. Mr. Ruplinger's subsequent motion to withdraw reference of the case from the bankruptcy court was granted, and in May 1989 the case was transferred to the district court. Approximately five months later, in October 1989, the parties appeared at a settlement conference where an oral settlement agreement was reached. Under the terms of that agreement, Dr. Rains would confess a nondischargeable judgment in favor of Mr. Ruplinger in the amount of $50,000.00 and would assign to Mr. Ruplinger a 17.5%

interest in an unfiled malpractice claim against Dr. Rains' former attorney.

What followed next, according to Mr. Ruplinger, was a series of delays, missed appointments, broken promises and generally intransigent behavior on the part of Dr. Rains which prevented the settlement agreement from being reduced to written form and executed. Finally, in June 1990, Mr. Ruplinger filed a motion requesting an order to enforce the settlement agreement or for entry of default against Dr. Rains. Dr. Rains did not respond to this motion but did appear with counsel at a hearing to show cause as to why the agreement should not be enforced.

During the show cause hearing it became apparent that Dr. Rains was pursuing his malpractice claim *pro se* rather than with the assistance of counsel as had been the prior understanding between the parties. Because of this change in strategy, the district court deemed Dr. Rains' attempted assignment of the malpractice claim to Mr. Ruplinger to be illusory, *Ruplinger v. Rains*, No. CIV–89–777–A, Order at 2 (W.D.Okla. Oct. 19, 1990) (Default Order), and Mr. Ruplinger's counsel withdrew his motion to enforce the settlement agreement.[1] Finding that Dr. Rains had offered no excuse for his failure to comply with the terms of the settlement agreement and citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970), the court determined that a default judgment was warranted "lest Mr. Ruplinger's right in this suit remain tenuous." Default Order at 2. Dr. Rains' request for a new trial was denied.

After entering the default judgment against Dr. Rains, the district court held a hearing on damages at which it determined that Dr. Rains was liable to Mr. Ruplinger in a total amount of $950,000.00. Because the court further found that Dr. Rains' conduct was "a wilful and intentional inflic-

tion of injury to the plaintiff's property," it ruled that the judgment was nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). *Rains v. Ruplinger*, No. CIV–89–777–A, Order at 5 (W.D.Okla., Dec. 12, 1990). It is from this order that Dr. Rains appeals.[2]

Dr. Rains argues that the court "lacked the authority" to enter default judgment on the full amount of liability for failure to comply with the terms of the settlement agreement. A court's determination to enter default judgment is reviewed for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Ikerd v. Lacy*, 852 F.2d 1256, 1258 (10th Cir.1988). Abuse of discretion will be found only if the reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.1980). The district court's dismissal will be viewed in the totality of the circumstances, *Toma v. City of Weatherford*, 846 F.2d 58, 61 (10th Cir.1988), and "considerable deference is given the trial judge's determination regarding the default judgment since he is the person most familiar with the circumstances of the case and, thus, is in the best position to evaluate the good faith and credibility of the parties at the hearings." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir.1987).

Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987).

[S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that in-

---

1. Mr. Ruplinger's motion had requested either enforcement of the settlement agreement or entry of default.

2. After examining the briefs and appellate record, this panel has determined unanimously

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

stance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*H.F. Livermore*, 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983).

We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp.*, 715 F.2d at 1444–45 (citations omitted); *see also Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Although a default judgment is an appropriate sanction in some instances, without more elaboration from the district court we cannot say that it acted here within its discretion. We note the case of *M.E.N. Co.*, 834 F.2d 869, in which the district court refused to set aside the defendants' default after the defendants failed to provide discovery or appear for noticed and court ordered depositions, failed to file a pretrial memorandum and refused to pay sanctions to the plaintiffs. On appeal, this court held that because default is such a harsh sanction, due process requires that failure to comply with court orders or failure to effect discovery must be the result of " 'willfulness, bad faith, or [some] fault of petitioner.' " *Id.* at 872 (quoting *National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779); *see also Toma*, 846 F.2d at 60.[3] Because the district court in *M.E.N. Co.* had made no findings regarding either the defendants' personal fault or whether their conduct amounted to willful noncompliance, the case was remanded. *M.E.N. Co.*, 834 F.2d at 873–74. The closest the district court in this case came to making a finding of willfulness on the part of Dr. Rains was its observation that he "offered no excuse for his failure to comply with the settlement agreement." Default Order at 2. This finding is not the equivalent of a finding of willful noncompliance and thus does not meet the due process standard required to justify a default.[4]

Because default judgment deprives a litigant of his or her day in court, it is appropriate " 'only where a lesser sanction would not serve the interest of justice.' " *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986)). In order to assure that the appropriate level of punishment has been administered, the appellate court needs a statement or recitation from the district court "as to *why* the particular circumstances demonstrated a need for the sanctions imposed. The 'why' the particular sanction was imposed is, of course, related to the selection of the person against whom it is to be imposed and the choice of appropriate sanctions. Any choice includes monetary sanctions." *Russell v. Weicker Moving & Storage Co. (In re Russell)*, 746 F.2d 1419, 1420 (10th Cir.1984); *see also Meade*, 841 F.2d at 1520 n. 7 (citing cases requiring consideration of less drastic alternatives). There is no indication in the record that the

---

**3.** It should be noted that Dr. Rains did not disobey a court order, miss a pleading deadline or obstruct the discovery process. If willfulness is required for these overt breaches of the established rules of litigation, the standard of culpability for failing to fully cooperate in the settlement process should be at least as high.

**4.** Mr. Ruplinger's motion for enforcement of the agreement or for default averred that Dr. Rains did not intend to affect settlement and willfully ignored his duties under the agreement. Appellant's Appendix at 28. Mr. Ruplinger argues that because Dr. Rains failed to respond to this motion, the allegations contained therein are confessed. While this is so in a technical sense, such a constructive admission by the defendant is not the same as a finding by the court of the requisite willfulness.

**734**

district court considered any sanction short of default for the defendant's delay in executing the settlement agreement.

Because we are unable to conclude on this record that no abuse of discretion has occurred, we reverse the judgment and remand this case to the district court for entry of findings regarding Dr. Rains' willfulness, bad faith or other fault in failing to execute the settlement agreement and for findings regarding the possible appropriateness of lesser sanctions. In arriving at a determination regarding a possible lesser sanction, the district court may consider whether Dr. Rains can demonstrate a meritorious defense to the underlying claim, *see Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 427 (10th Cir.1988); *Cessna Fin. Corp.*, 715 F.2d at 1445; *Gomes*, 420 F.2d at 1366, such that the default judgment should be set aside, some other sanction imposed, and the case returned to the court's trial docket. Our disposition of this case makes it unnecessary for us to address Dr. Rains' other issues on appeal.

The judgment of the district court for the Western District of Oklahoma is REVERSED and REMANDED for proceedings consistent with this opinion.