21 F.3d 1120
 73 A.F.T.R.2d 94-1726
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CIMARRON ELEVATOR, INC., Plaintiff-Appellee,
v.
Van STAFFORD; Derral Schroder, Defendants-Appellants, and
The Campo Holding Trust, Walter L. Marston, Dale Hyatt, John
Deatherage, United States of America, Defendants.
CIMARRON ELEVATOR, INC., Plaintiff-Appellant,
v.
Van STAFFORD; The Campo Holding Trust; Derral Schroder;
Walter L. Marston; Dale Hyatt; John Deatherage;
United States of America, Defendants-Appellees.
 Nos. 93-1021, 93-1020.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Cimarron Elevator, Inc. (Cimarron) and defendants Stafford and Schroder appeal from various orders entered in this diversity action for slander of title, abuse of process and malicious prosecution. Upon consideration of the record and the parties' arguments on appeal, we affirm the district court in all respects. Further, because we conclude that the appeals of Stafford and Schroder are frivolous, entry of sanctions against those defendants is appropriate. We, therefore, remand those two appeals to the district court for a determination of the amount of sanctions to be awarded.
 
 
 4
 These appeals stem, ultimately, from Stafford's sale of a grain elevator and its accompaniments to Cimarron. The undisputed facts indicate the following: As part of the sale of the grain elevator, Cimarron executed a promissory note in favor of Stafford, agreeing to make annual payments of $95,209 each October for ten years, beginning in 1983. A mortgage on the grain elevator secured that debt.
 
 
 5
 Cimarron made the annual payments to Stafford or his assignees through 1985. In December 1985, however, the Internal Revenue Service (IRS) made assessments against Stafford for unpaid income taxes. In May 1986, the IRS filed notices of a federal tax lien against Stafford's property and served a notice of levy on Cimarron, seeking to levy the remaining payments due under the promissory note in order to satisfy Stafford's unpaid tax obligations.
 
 
 6
 Federal litigation subsequently ensued, with the United States District Court for the Western District of Oklahoma ultimately upholding the IRS levy and instructing Cimarron to make future payments to the IRS until notified otherwise. Despite that decision, Stafford then commenced litigation in federal court in Colorado, again challenging, among other things, the IRS levy. Stafford and Schroder, along with several others, also commenced a separate federal action in the District of Columbia, alleging Cimarron had breached the promissory note by complying with the IRS levy and seeking to foreclose the mortgage on the grain elevator. Independent of those actions, Stafford also encumbered Cimarron's property by filing an "Equity Claim and Interest" on the grain elevator with the relevant county clerk and recorder in Oklahoma.
 
 
 7
 As a result of these actions, Cimarron commenced the litigation at issue here, asserting state law claims against, among others, Stafford and Schroder for slander of title, abuse of process, and malicious prosecution. Cimarron also named the United States as a defendant, alleging that Cimarron was entitled to set off any damages to which it might be entitled as a result of these tort claims against the remaining payments due on the promissory note and owed to the IRS as a result of the levy.
 
 
 8
 In appeal No.93-1004, Stafford appeals the district court's entry of summary judgment against him on the slander of title claim and default judgment against him on the remaining claims. In appeal No. 93-1021, Schroder appeals the district court's entry of default judgment on all claims asserted against him.
 
 
 9
 This court reviews a district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court reviews the entry of a default judgment, however, only for an abuse of discretion. See Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir.1991). Having reviewed the record provided and the parties' arguments on appeal, we conclude that the district court did not err in granting Cimarron summary judgment on the slander of title claim, nor did it abuse its discretion in entering default judgments on the remaining claims.
 
 
 10
 On appeal, Cimarron argues that Stafford and Schroder's appeals are frivolous and requests imposition of sanctions against both pursuant to Fed.R.App.P. 38. These appellants have had notice of this request for sanctions, which was included in Cimarron's appellate briefs, and have had an opportunity to respond. See Braley v. Campbell, 832 F.2d 1504, 1514-15 (10th Cir.1987). Because we agree that these appeals are frivolous, sanctions are appropriate. See id. at 1510-11. We, therefore, remand these two appeals to the district court for a determination of the amount of sanctions to be imposed against these appellants.
 
 
 11
 In appeal No. 93-1020, Cimarron appeals the district court's order granting the United States summary judgment, after determining that the IRS tax lien on the remaining promissory note payments is superior to any right of set off Cimarron might have as a result of this litigation. 26 U.S.C. 6321 gives the United States a lien upon all property and rights to property belonging to an individual who, following a demand, fails to pay tax assessments. In determining the priority of a federal tax lien, the first issue ordinarily presented is whether, at the time the IRS "assessed the tax lien and filed notices thereof," United States v. Wingfield, 822 F.2d 1466, 1472 (10th Cir.1987), cert. dismissed, 486 U.S. 1019 (1988), the taxpayer had a property interest to which the lien could attach. See, e.g., United States v. Central Bank, 843 F.2d 1300, 1303 (10th Cir.1988). That question is governed by state law. Id. The parties agree that, under either Colorado or Oklahoma law, Stafford had a property interest in the remaining payments due under the promissory note to which the federal tax lien could attach.
 
 
 12
 The remaining issue to be addressed is the priority of the federal tax lien in relation to Cimarron's asserted right of set off. That issue is governed by federal law. See Wingfield, 822 F.2d at 1473. A federal tax lien is subordinate only to those interests that have attached and become choate prior to the attachment of the tax lien. Id.
 
 
 13
 The parties agree that the federal tax lien attached no later than May 1986. Cimarron simply cannot point to any interest, choate or otherwise, that it may have had that attached before May 1986 to Stafford's property right in the payments remaining on the promissory note. The district court, therefore, did not err in awarding the United States summary judgment on Cimarron's claim of a set off.
 
 
 14
 In summary, we AFFIRM the district court's decisions in all three of these appeals. We REMAND in appeal Nos. 93-1004 and 93-1021 for a determination of the amount of sanctions to be imposed against appellants Stafford and Schroder. Finally, we DENY all pending motions filed by Stafford and Schroder.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D 470