**UNITED STATES COURT OF APPEALS**
**Filed 4/18/96**
**TENTH CIRCUIT**

ANSELMO CHAVEZ,

      Plaintiff-Appellant,

v.

MOTOROLA INC. and DOUGLAS R. BOSOMWORTH,

      Defendants-Appellees.

No. 95-2187
(D.C. No. CIV 94-1161 SC/LFG)
(Dist. N.M.)

# ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The cause is therefore ordered

submitted without oral argument.

Mr. Anselmo A. Chavez filed this pro se employment discrimination action

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions 10th Cir. R. 36.3.

pursuant to 42 U.S.C. §§ 2000e et seq., (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), alleging defendants Motorola, Inc. and Douglas R. Bosomworth discriminated against him by failing to interview him for several positions because of his age and national origin. Mr. Chavez further alleged Motorola and Mr. Bosomworth retaliated against him for filing a claim with the Equal Employment Opportunity Commission (EEOC). The district court affirmed the magistrate's denial of Mr. Chavez's motion to compel entry of default judgment and granted Motorola and Mr. Bosomworth's motion for summary judgment. Mr. Chavez appeals, and we affirm.

In May 1992, Motorola placed an advertisement in the Albuquerque Journal seeking applications for the position of manufacturing operations manager. The advertisement stated the position required leadership, and team building and problem solving skills in a high-volume, specialized manufacturing environment. Mr. Chavez's application was one of thirty responses received for the position. Mr. Chavez was not selected for the position, nor was he granted an interview. A white male, younger than Mr. Chavez, was hired for the position.

The following month, Motorola placed another advertisement in the Albuquerque Journal seeking applications for the position of production supervisor. The advertisement stated the position required strong leadership skills, prior supervisory experience in manufacturing, excellent communication and interaction skills, familiarity with specialized manufacturing concepts, and at a minimum, a two year degree in a technical

or industrial management area, though a four year degree was preferred. Mr. Chavez's application was one of 150 responses received for the position. Again, Mr. Chavez was not selected for the position, nor was he granted an interview. Of the three candidates hired, all younger than Mr. Chavez, one was a hispanic male.

On July 31, 1992, Mr. Chavez filed a claim with the EEOC alleging age and national origin discrimination.

In August 1992, Motorola placed another advertisement in the Albuquerque Journal, this time seeking applications for the position of senior production manager. The advertisement stated the position required strong leadership skills, problem solving skills, ability to work in a team oriented environment, knowledge of manufacturing/materials processes, a bachelor's degree or equivalent, and three to five years experience in production and/or materials management. Mr. Chavez's application was one of fifty-five responses received for the position, and again he was neither selected nor interviewed. An hispanic male, younger than Mr. Chavez, was hired for the position.

On September 10, 1992, Mr. Chavez filed a second EEOC claim. He again alleged age and national origin discrimination and in addition alleged retaliation for filing the first EEOC claim. Two years later, the EEOC determined the evidence did not support Mr. Chavez's allegation of unlawful discrimination and issued notice of a right to sue.

Mr. Chavez first argues the district court erred in not granting him a default judgment against Mr. Bosomworth. "A court's determination to enter default judgment is

reviewed for abuse of discretion. Abuse of discretion will be found only if the reviewing court has 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached . . . .'" Kuplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir. 1991)(per curiam)(citations omitted).

Mr. Chavez filed this action on October 12, 1994 and both defendants filed an answer on November 23, 1994. After Mr. Chavez's December 2 request for an entry of default was denied by the court clerk, he filed a motion to compel default judgment on January 13, 1995. A magistrate denied Mr. Chavez's motion, noting that he did not argue he had suffered prejudice from the delayed answer and that his motion was based on the barest of technicalities. The district court affirmed the denial of Mr. Chavez's motion. Because Mr. Bosomworth's answer was on file with the court prior to Mr. Chavez's request for an entry of default, we cannot say the district court abused its discretion in affirming the denial of his motion to compel default judgment.

Mr. Chavez next argues he was discriminated against on the basis of his age and/or national origin when he was denied the opportunity to interview for positions despite his qualifications. He further argues that his failure to be considered for the position of Senior Production Manager was in retaliation for the filing of an EEOC charge.

To prevent summary judgment, a plaintiff must establish a prima facie case of

discrimination[1] and show that the defendant's proffered reason for the challenged action is pretextual - - i.e. unworthy of belief. Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). The district court held that the evidence submitted by Mr. Chavez was insufficient to raise a genuine issue of material fact for trial on whether he was the victim of national origin or age discrimination.[2] The court also rejected Mr. Chavez' retaliation claim, holding that he failed to show a prima facie case because he failed to submit evidence to support even an inference of a causal connection between his filing of an EEOC complaint and defendants' decision not to hire him. See Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993), cert. denied, 114 S. Ct. 1075 (1994). We agree. The record is devoid of any evidence of intentional discrimination, pretext, or retaliation. Therefore, we cannot say that the district court's grant of summary judgment was incorrect.

Finally, Mr. Chavez argues Motorola and Mr. Bosomworth's actions constituted

---

[1] A prima facie case requires the plaintiff to prove: "(1) the plaintiff is a member of a protected class; (2) the plaintiff applied for and was qualified for an available position; (3) the plaintiff was rejected despite being qualified; and (4) the position remained open as the employer continued to search for applications or the position was filled by a person not of the protected class." Randle v. City of Aurora, 69 F.3d 441, 451 n.13 (10th Cir. 1995). The court here assumed that Mr. Chavez had established a prima facie case with respect to his age and national origin claims.

[2] Age discrimination cases under the ADEA are analyzed under a format similar to Title VII cases. See Marx v. Schnuck Markets, Inc., 76 F.3d 324, 327 (10th Cir. 1996).

the intentional infliction of emotional distress.  This claim requires the plaintiff to show

that "defendant's conduct was extreme and outrageous, and was done recklessly or with

intent to cause severe emotional distress."  <u>Andrews v. Stallings</u>, 892 P.2d 611, 624

(N.M. Ct. App. 1995).  We agree with the district court that Mr. Chavez failed to meet the

requirements of <u>Andrews</u>.  The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge