F I L E D
United States Court of Appeals
Tenth Circuit

FEB 17 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LEO HISE and JACK ISCH, individually and as representatives of a class of others similarly situated,

    Plaintiffs-Appellants,

v.

PHILIP MORRIS INCORPORATED, a Virginia Corporation; R.J. REYNOLDS TOBACCO COMPANY, a New Jersey Corporation; BROWN & WILLIAMSON, a Delaware Corporation; LORILLARD TOBACCO COMPANY, a Delaware Corporation; LIGGETT GROUP, INC., sued as: The Liggett Group, a Delaware Corporation d/b/a Liggett and Myers Tobacco Company,

    Defendants-Appellees,

A.D. BEDELL WHOLESALE COMPANY, INC.,

    Amicus Curiae.

No. 99-5113
(N.D. Okla.)
(D.Ct. No. 98-CV-947)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY** and **MURPHY**, Circuit Judges.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellants Leo Hise and Jack Isch appeal the district court's decision granting summary judgment to the Appellees (hereafter "tobacco companies"), and also appeal its order denying their motion for default judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

A. Factual Background

The undisputed facts giving rise to this controversy are chronicled in the district court decision. *See Hise v. Philip Morris Inc.*, 46 F. Supp.2d 1201, 1204 (N.D. Okla. 1999). In short, over forty states, including Oklahoma, commenced litigation against numerous tobacco concerns, including the named tobacco companies, requesting monetary and other relief for claims related to public health and underage tobacco consumption issues. *Id.* To avoid the expense and delay inherent in litigation, the litigants entered into a settlement agreement designed to provide states funding for various tobacco-related health programs and measures. *Id.* Following the settlement, the tobacco companies involved in

this suit raised the price of their products, presumably to cover the settlement costs. *Id.*

## B. Procedural Background

Mr. Hise and Mr. Isch, individual over-the-counter tobacco consumers, filed a complaint on behalf of themselves and a purported class of an estimated forty million other tobacco consumers, alleging the tobacco companies unlawfully entered into a "sham" settlement agreement.[1] *Id.* at 1203 & n.3. Specifically, they claimed the tobacco companies engaged in unlawful activities to: (1) raise tobacco prices in order to pay for the settlement in "collusion" with the various state Attorneys General, in violation of the Sherman Anti-Trust Act; (2) deprive tobacco consumers of their property interest without due process of law in violation of their constitutional rights; and (3) regulate and govern the manufacture, interstate trade and consumption of tobacco products in violation of the United States Constitution. *Id.* at 1203 & n.3.

The tobacco companies did not file an answer to the complaint, but instead filed motions to dismiss. *Id.* at 1204. Because these motions requested

---

[1] Hereafter, any reference to Mr. Hise and Mr. Isch refers also to all the purported class-action Appellants.

consideration of materials outside the pleadings,[2] the district court issued an

Order on March 17, 1999, converting the tobacco companies' motions to dismiss

into motions for summary judgment pursuant to Federal Rule of Civil Procedure

12(b).  The order gave the companies fifteen additional days to supplement their

motions and gave Mr. Hise and Mr. Isch fifteen days to respond  *Id.*

After the tobacco companies filed their supplemental motions, Mr. Hise and

Mr. Isch filed a "Motion for Default Judgment or in the Alternative Motion to

Compel Compliance With Rules," in which they asked the district court to either

enter a default judgment against the tobacco companies for failing to file an

answer within twenty days after the March 17, 1999 Order, or alternatively, to

compel the tobacco companies to comply with the Federal Rules of Civil

Procedure and the district court's local rules.Specifically, in their supporting

brief, Mr. Hise and Mr. Isch requested default judgment against the tobacco

companies because their supplemental motions did not set forth:  (1) a section

containing a concise statement of duly numbered paragraphs of material facts, as

required under the district court's local rules of civil procedure, Rule 56.1B, or

---

[2]  The district court does not explicitly indicate what outside evidence it considered, but from a review of the record, it is evident this evidence consisted of the settlement agreement and the statements therein.

supporting affidavits; or (2) provide any responsive pleading which admits or denies the allegations in the complaint, in accordance with Fed. R. Civ. P. 12.

At a status hearing, the district court (1) denied Mr. Hise's and Mr. Isch's motion for default judgment in its entirety, and (2) allowed the tobacco companies the right to file their answers within ten days after any adverse ruling on their summary judgment motions. In addition, the parties agreed to delay discovery pending the district court's ruling on the summary judgment motions.

Thereafter, the district court entered a decision granting the tobacco companies summary judgment. The district court rejected Mr. Hise's and Mr. Isch's first claim that the settlement agreement violates the Sherman Anti-Trust Act. *Hise*, 46 F. Supp.2d at 1205. In so holding, the district court determined the tobacco companies' action in negotiating and executing the settlement agreement fell under the protections of the "Noerr-Pennington" doctrine which shields from the Sherman Anti-Trust Act any concerted effort to influence public officials, regardless of intent or purpose. *Id.* at 1206-07. The court also determined Mr. Hise and Mr. Isch, as indirect purchasers of tobacco, lacked standing under the "Illinois indirect purchaser rule" to pursue monetary damages. *Id.* at 1207-1208. As to injunctive relief, the district court determined Mr. Hise and Mr. Isch failed

to adequately plead a price-fixing conspiracy in either their complaint or other responsive pleadings. *Id.* at 1208.

The district court also rejected, as frivolous, Mr. Hise's and Mr. Isch's second claim that the tobacco companies' actions in raising prices deprived consumers of a property interest without due process of law. *Id.* at 1209. The district court concluded Mr. Hise, Mr. Isch, and the other consumers possessed no clearly recognized property interest in paying a certain sum to a retailer to purchase tobacco. *Id.* Similarly, the district court rejected, as frivolous and unsupported by legal authority, Mr. Hise's and Mr. Isch's third claim, alleging the parties to the settlement agreement conspired to regulate and govern the manufacture, interstate trade and consumption of tobacco products.

On appeal, Mr. Hise and Mr. Isch renew essentially the same arguments presented to, and addressed by, the district court in its decision granting summary judgment in favor of the tobacco companies. They also renew the same issues raised in their motion for default judgment, which the district court summarily denied at the status hearing. In addition, for the first time on appeal, Mr. Hise and Mr. Isch contend the district court erred in converting the tobacco companies' motions to dismiss to summary judgment motions, claiming instead that the

district court should have allowed them to refile or amend their complaint to correct any deficiencies, as allowed under Fed. R. Civ. P. 15.[3]

## C. Discussion

### 1. Conversion of Motions to Dismiss and Amendment of Complaint

We begin with Mr. Hise's and Mr. Isch's contentions concerning the district court's conversion of the tobacco companies' motions and alleged error in not allowing them to amend their complaint. While we do not ordinarily consider arguments raised for the first time on appeal, we note the issues raised here lack merit. *See United States v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991). Specifically, we feel compelled to point out that under Rule 12(b)(6), a district court has broad discretion in determining whether to consider materials outside of the pleadings, and if the court chooses to consider such material, it must treat a

---

[3] In addition, A.D. Bedell Wholesale Company, Inc. filed an *amicus curiae* brief in favor of Mr. Hise and Mr. Isch, claiming the district court sweepingly applied the "Noerr-Pennington doctrine" without the necessary "closer examination of the terms of the [settlement agreement] itself and the circumstances pursuant" thereto. The tobacco companies filed a motion requesting permission to file a supplemental response, as attached to their motion, to the *amicus* brief. Shortly thereafter, A.D. Bedell Wholesale Company filed a similar motion requesting permission to file a supplemental response, as attached to its motion, to the tobacco companies' response to its brief. We deny both motions, holding supplemental responses unnecessary in this case. However, in so doing, we note we have reviewed the responsive briefs, and conclude that even if considered, they would not affect our disposition in this case.

motion to dismiss as a motion for summary judgment. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). If, as here, the district court decides to convert a motion to dismiss into a summary judgment motion, it must provide notice to the opposing party and an opportunity for him to serve opposing affidavits. *See Hall v. Bellmon*, 935 F.2d 1106, 1110-11 (10th Cir. 1991). These affidavits must create a genuine issue for trial. *Id.* at 1111.

In this case, the district court considered material outside the pleadings, and therefore properly converted the motions to dismiss into summary judgment motions. In so doing, he provided both parties with notice, allowing the tobacco companies fifteen days to supplement their motions and Mr. Hise and Mr. Isch fifteen days to respond thereto. Under the circumstances presented, the district court clearly did not abuse its discretion in converting the motions. While Mr. Hise and Mr. Isch responded to the tobacco companies' supplemented motions, they did so only through a motion for default judgment, and not any affidavit or other evidence creating a genuine issue for trial. Moreover, given their failure to move to amend their complaint, and based on our review of the complaint and other pleadings, the district court did not err in converting the motions, rather than recommending Mr. Hise and Mr. Isch amend their complaint.

2. Default Judgment Motion

Mr. Hise and Mr. Isch correctly point out that under Rule 55, default judgment shall be entered if a party fails to plead or "otherwise defend." Fed. R. Civ. P. 55(a). Applying this rule, they contend the district court should have entered default judgment because the tobacco companies did not file an answer to their complaint after the district court "denied" or "postponed" the tobacco companies' motions to dismiss. We disagree.

Decisions on whether to enter default judgment fall within the district court's discretion, and we review them for an abuse of discretion. *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). In this case, the district court did not deny or postpone the motions to dismiss, but rather, treated them as motions for summary judgment under Fed. R. Civ. P. 12(c). We believe a summary judgment motion, seeking to dispose of all the issues of a case, is an effort to "otherwise defend," and as such, is sufficient to prevent default judgment. *See Rashidi v. Albright*, 818 F. Supp. 1354, 1355-56 (D. Nev. 1993), *aff'd,* No. 93-15623, 1994 WL594637 (9th Cir., Oct. 31, 1994) (unpublished opinion). Our determination is strengthened here by the fact the summary judgment motions in this case actually initiated from motions to dismiss, showing a continuation of an initial affirmative action by the tobacco companies

to defend themselves against the complaint. Moreover, default judgment is a harsh sanction, and instead, we strongly favor resolution of a dispute on the merits. *Ruplinger v. Rains* (*In re Rains*), 946 F.2d 731, 732 (10th Cir. 1991) (quotation marks and citations omitted). In fact, default judgment is normally viewed as only available when the adversary process is halted because of an unresponsive party. *Id.* In this case, the tobacco companies actively litigated their defense, without unresponsive tactics or delays.

We also reject Mr. Hise's and Mr. Isch's suggestion default judgment must be entered against the tobacco companies because their summary judgment motions did not provide a concise statement of numbered facts as required under Fed. R. Civ. P. 56 or contain affidavits supporting their motions. Instead, the motions to dismiss filed by the tobacco companies set forth facts that are undisputed by Mr. Hise and Mr. Isch and based almost exclusively on the settlement agreement, attached to their motions. Thus, no affidavit in this instance was necessary. Likewise, the fact the tobacco companies did not number their short, one-page version of facts, or reiterate them in their supplemental submission, does not provide sufficient reason in this case to enter a default judgment or require an order compelling them to amend their motions. Under these circumstances, we hold the district court did not abuse its discretion in

denying the motion for default judgment against the tobacco companies.

3.  Summary Judgment

In cases involving summary judgment conversions, as in other summary judgment cases, we review *de novo* the granting of summary judgment, applying the same legal standard the district court used.  *See United States ex rel. Fine v. Advanced Sciences, Inc.*, 99 F.3d 1000, 1003 (10th Cir. 1996); *see also Hise*, 46 F. Supp.2d at 1204 (articulating summary judgment legal standard).  Applying this standard, and on review of the record, we must agree with the district court that summary judgment should be granted in favor of the tobacco companies. Because the district court issued a well-reasoned decision, thoroughly explaining the reasons for granting summary judgment, *Hise*, 46 F. Supp. at 1205-10, we decline to duplicate its analysis here.

D.  Conclusion

For the reasons contained herein, and for substantially the same reasons articulated in the district court's April 29, 1999 decision, we **AFFIRM** summary judgment in favor of the Appellee tobacco companies.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-11-