**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EZEKIEL DAVIS,

      Plaintiff-Appellant,

v.

STEPHEN KAISER; CHARLES
BREWER; JANET BRYANT;
MRS. THORNHILL; MRS.
COWART; C. RAY,

      Defendants-Appellees.

No. 00-7116
(D.C. No. 99-CV-119-S)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ezekiel Davis, a prisoner in the custody of the Oklahoma Department of Corrections, brought this action against defendant prison officials alleging violation of his civil rights under 42 U.S.C. § 1983 and state law. In particular, plaintiff contends that defendants violated his constitutional right to access to the courts by opening and delaying delivery of a piece of legal mail sent to him by his attorney, and by assigning an attorney to provide assistance to prisoners who is biased against prisoners. The district court denied plaintiff's motion for default judgment against defendants Cowart and Ray and his motion for summary judgment, and it granted defendants' motion for summary judgment. Plaintiff timely filed a notice of appeal.

Plaintiff's primary contention on appeal is that the district court erred in denying his motion for default judgment against defendants Cowart and Ray. Following service of plaintiff's complaint on all defendants, counsel entered an appearance in July and August 1999 on behalf of all defendants except Cowart and Ray. On behalf of defendants Kaiser and Thornhill, counsel filed a *Martinez* [1] report and a motion to dismiss on October 7. [2] On January 24, 2000, plaintiff moved for default judgment against Cowart and Ray because they had not yet answered or otherwise appeared before the court. On February 9, counsel entered

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

[2] The district court later converted the motion to dismiss to one for summary judgment.

an appearance on behalf of Cowart and Ray and filed a response to the motion for default judgment on March 24. On September 29, the district court entered a minute order denying the motion for default on the basis that Cowart and Ray had entered their appearances. That same day, the court granted defendants' motion for summary judgment.

We review a court's decision to grant or deny a motion for default for abuse of discretion. *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991).

> Default judgments are a harsh sanction. Strong policies favor resolution of disputes on their merits: The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.
>
> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error.

*Id.* at 732-33 (citations, quotations, and brackets omitted). Counsel's failure to enter an appearance on behalf of Cowart and Ray was inadvertent--counsel, who represented all defendants, had been unaware they had been served--and plaintiff has not shown that he was prejudiced in any way by the delayed appearance. We see no abuse of discretion in the court's denial of plaintiff's motion for default. *See Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995).

-3-

Plaintiff may also be asserting on appeal that the district court erred in granting summary judgment in defendants' favor. Plaintiff has failed, however, to present any reasoned argument in support of this assertion, and we therefore will not address it. *American Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Plaintiff's motion for appointment of counsel is DENIED. We remind plaintiff that the district court granted his motion to proceed in forma pauperis on appeal, payable in partial payments, and that obligation continues until the entire fee is paid.

Entered for the Court

Michael R. Murphy
Circuit Judge