**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WORLD ALLIANCE CONSULTING,
INC., a Utah corporation,

       Plaintiff - Appellant,

v.

DOCPLANET.COM, INC., a Colorado
corporation,

       Defendant - Appellee.

No. 01-4188
D.C. No. 01-CV-83-J
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff World Alliance Consulting appeals the district court's denial of its motion for default judgment in the amount of $1,000,000, and the court's grant of default judgment requiring defendant DocPlanet.com to deliver 300,000 shares of its stock to plaintiff. Because plaintiff has not shown that the district court abused its discretion, we affirm.

On March 20, 2000, as the "dot.com bubble" began to collapse, plaintiff and defendant entered into a consulting agreement under which plaintiff was to advise defendant on potential mergers and acquisitions. As an initial payment, defendant was required within seven days to deliver either 300,000 shares of DocPlanet.com stock or $300,000. Defendant never made the initial payment.

In February 2001, plaintiff brought this diversity action, serving defendant through the corporation's registered agent. Plaintiff's complaint sought specific performance of the contract, consequential damages, attorney fees, and "[a]s to any defaulting party, a judgment for monetary damages in the amount of One Million dollars." Aplt. App. at 7. After defendant failed to respond, the clerk entered a default on April 23, 2001. Plaintiff then moved for default judgment in the amount of $1,000,000 based on its plea in the complaint, as supported by counsel's affidavit describing the price of DocPlanet.com stock at the end of March 2000. The district court denied plaintiff's request for $1,000,000, but granted plaintiff a default judgment for 300,000 shares of DocPlanet.com stock.

Plaintiff argues that the district court erred in refusing to grant the motion for a "sum certain" under Fed. R. Civ. P. 55(b)(1), arguing that the $1,000,000 amount was identified in the complaint. We review a district court's grant of default judgment for an abuse of discretion, considering the totality of the circumstances. *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991). "Abuse of discretion will be found only if the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (further quotation omitted).

Here, plaintiff brought a breach of contract seeking the remedy identified by the parties in the contract: specific performance of the promise to deliver 300,000 shares of DocPlanet.com stock. *See* Aplt. App. at 5-7 (complaint), 12 (agreement recognizing that "in the event of a breach . . . money damages would be inadequate" and therefore the parties' "rights and obligations shall be enforceable in a court of equity by a decree of specific performance"). Plaintiff's request in its complaint for a $1,000,000 penalty upon defendant's default did not modify the parties' original agreement to include a liquidated damages provision. Thus, plaintiff's lawsuit was not for a sum certain under Rule 55(b)(1). *See KPS & Assoc., Inc. v. Designs by FMC, Inc.*, ___ F.3d ___, Nos. 01-2513 & 01-2521, 2003 WL 174818 (1st Cir. Jan. 28, 2003) (holding the fact that complaint and

accompanying affidavit identified a particular amount of damages did not transform the suit into one for a "sum certain" under Rule 55(b)(1)).

Instead, plaintiff's action sought specific performance and unliquidated damages under Rule 55(b)(2), and the district court properly based its judgment on the parties' agreement and counsel's affidavit. Under the totality of the circumstances, we conclude the district court did not abuse its discretion in enforcing the agreement as written. Because counsel's affidavit did not identify any work performed by his client under the agreement, the district court had no basis to compensate plaintiff for any incurred expenses or damages. For the same reason, the district court had no basis upon which to award attorney fees.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge