**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MASON LEE WILSON,

      Plaintiff-Appellant,

v.

ROBIN B. MOORE, ERIC F.
MELGREN, and BOARD OF COUNTY
COMMISSIONERS, SEDGWICK
COUNTY, KANSAS,

      Defendants-Appellees.

No. 06-3350

(D.C. No. 06-CV-2283-KHV)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

Mason Lee Wilson, appearing pro se and in forma pauperis, appeals the district court's dismissal of his case for failure to state a claim and denial of his request for sanctions. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

On July 5, 2006, Wilson filed a complaint in the District of Kansas (Case No. 06-2283) alleging that the defendants had violated his constitutional rights. The following are the only factual allegations in his complaint:

> Whether the defendants as insurer of the County policy custom usage in practice in different enforcement discriminates and causes plaintiffs' injury and damages and, if so, what is the appropriate awards of compensatory damages under Title 42 USC 1983;
>
> All indigent persons who failed to pay real estate taxes who are homeowners and foreclosure was filed and seizure of their property occurred without conversion to a monthly payment plan. (Hereinafter indigent tax payer).
>
> Whether seizure unlawfully occurs under the Fourth Amendment against persons where a meaningful interference occurs with a individual possessors interest in that property;
>
> Whether the defendants established a County policy if your are current with taxes you can make monthly payments and denied persons the same opportunity who was delinquent to prevent filing of future foreclosure[.]

Compl. at 4. Wilson's complaint requested that the district court "Grant plaintiff Motion for Removal from State Court, to Federal Court, and Grant Plaintiff a jury trial so that he, can prove his case." Id.

After reviewing his complaint, the magistrate judge found his allegations "incomprehensible" and ordered him to show cause why his complaint should not be dismissed for failure to state a claim upon which relief can be granted. In his response to

-2-

the order to show cause, Wilson attached documents relating to a separate civil action that he had removed to the District of Kansas (Case No. 06-1197). Wilson alleged that

> [t]he clerk, R. Moody[,] refused to send my Pleading to this Court and created a Mock Case No. # 061197. No appearance for Plaintiff, no complaint was filed and no Summons were issued, Violations of Rule 5 and withholding evidence and concealment of Evidence by reason placing my pleadings in a Mock case. This clearly shows that my Constitutions Rights and Civil Rights were violated and I was deprived of my rights and privileges due to R. Moody conspiring with the attorney, Christopher A. McElgunn.

Resp. to Order to Show Cause at 2. Finding Wilson's allegations insufficient to state a claim, the district court dismissed Wilson's complaint in Case No. 06-2283 without prejudice.

Wilson also moved for sanctions, requesting a default judgment against the defendants and an injunction barring them from filing suits in the future based on the claims involved in this case. The magistrate judge denied the motion, concluding that there was no factual or legal basis for Wilson's requested relief.

Turning first to the dismissal of Wilson's complaint, a district court shall dismiss an in forma pauperis plaintiff's complaint "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). We review such dismissal de novo, affirming "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)). "[W]e must accept the allegations of the complaint as true and we must construe

-3-

those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. (citing Breidenbach v. Bolish, 126 F.3d 1288, 1292 (10th Cir. 1997)). In addition, we must "liberally construe" Wilson's allegations, because he is a pro se plaintiff. Id. (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

The district court correctly determined that Wilson has failed to state a claim. His complaint's allegations are unintelligible. At best, it appears that Wilson is attempting to allege a Fourth Amendment violation, but he supplies no facts providing substance to such a claim. See Compl. at 4. Another clue that Wilson leaves as to the nature of his claim is his requested relief, which seeks the granting of his "Motion for Removal." Id. If Wilson is asking that Case No. 06-1197, which is his removed case, be allowed to proceed in federal court, then that request should have been brought before the district court judge hearing Case No. 06-1197. Finally, Wilson reported that the district court's operation support specialist, Moody, violated his constitutional rights in Case No. 06-1197 in conspiracy with an attorney. Resp. to Order to Show Cause at 2. Wilson references a letter from Moody regarding Case No. 06-1197 that allegedly establishes this constitutional violation, but the letter merely informs Wilson that he must fill out an application for leave to proceed in forma pauperis along with a designation of place of trial and a request for trial by jury. See Letter from R. Moody, Court Operation Support Specialist, to Mason Lee Wilson at 1. Wilson fails to point out why this letter violates his constitutional rights, and our review discloses no apparent reason why it would.

-4-

The final matter before us is Wilson's motion for sanctions. The magistrate judge did not abuse his discretion in refusing to sanction the defendants, because Wilson failed to allege any factual or legal basis on the defendants' part justifying such sanctions. See In re Rains, 946 F.2d 731, 732 (10th Cir. 1991).

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge