**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NAOMI KEHL,

     Plaintiff - Appellant,

v.

TONY LEBLANC; WESTMINSTER
COLLEGE,

     Defendants - Appellees.

No. 25-4042
(D.C. No. 2:23-CV-00167-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Appellant Naomi Kehl sued her former college and college soccer coach

alleging Title IX, Fourteenth Amendment, and various state law claims. While the

case was pending, Ms. Kehl's attorneys withdrew. The district court then provided

Ms. Kehl with time to have a new attorney enter an appearance or to appear on her

own behalf. Ms. Kehl never responded. The district court dismissed the case under

Federal Rule of Civil Procedure 41(b). Thirty-seven days later, Ms. Kehl moved to

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

vacate the dismissal under Federal Rule of Civil Procedure 60(b)(6).  The district court denied the motion, and Ms. Kehl appealed.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

In March 2023, Ms. Kehl hired Lento Law Group, P.C., (Lento Law) to sue Tony LeBlanc and Westminster College (the Defendants).  Joseph Cannizzo, Jr., and Samuel Rocereta of Lento Law, and Hillary M. Nappi of Hach Rose Schirripa & Cheverie, LLP represented her.  The local rules required local counsel, and Mr. Rocereta performed that role.  Mr. Cannizzo and Ms. Nappi were admitted pro hac vice.  Nearly a year later, Mr. Rocereta withdrew as counsel.  But local counsel was required, so the Defendants filed a motion for appointment of local counsel.  In April 2024, the district court denied the Defendants' motion and ordered a status report.  Mr. Cannizzo and Ms. Nappi filed one, notifying the court they were in the process of retaining new local counsel.

But then in July 2024, Mr. Cannizzo withdrew as counsel, and Ms. Nappi filed a motion to withdraw as counsel.  Both Ms. Nappi and Mr. Cannizzo stated that Ms. Kehl wanted Lento Law to continue with her representation.  The district court granted Ms. Nappi's motion in August 2024 and provided Ms. Kehl twenty-one days to file a notice of appearance with new counsel or on her own behalf.  She failed to file a notice.

The Defendants then moved to dismiss the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow a court order.  On October 30,

2

2024, the district court entered an order to show cause providing Ms. Kehl until November 20, 2024, to respond. She did not respond, and on December 3, 2024, the district court dismissed the case. On January 9, 2025, Ms. Kehl filed a motion to vacate the dismissal under Rule 60(b)(6) through new counsel. The district court denied the motion. Ms. Kehl timely appealed.

## II.    Discussion

Ms. Kehl contends she preserved appellate review of both the dismissal order and the order denying the Rule 60(b) motion. But to toll the time to appeal the dismissal order, Ms. Kehl needed to file the Rule 60(b) motion within twenty-eight days of the dismissal order. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (providing a Rule 60(b) motion tolled the time to appeal if filed within the time provided by Rule 59); *see also* Fed. R. Civ. P. 59(b), (e) (providing twenty-eight days to file a Rule 59 motion). Because Ms. Kehl failed to do so, we only have jurisdiction to review the district court's denial of the Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

"[W]e consider . . . whether the district court's denial of Rule 60(b) relief was an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). "We will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

3

Ms. Kehl asserts several arguments as to why the district court abused its discretion by denying the Rule 60(b) motion. First, she argues the statute of limitations had run by the time of the district court's dismissal, effectively rendering the district court's dismissal as one with prejudice. But Ms. Kehl did not raise this theory before the district court. Because she advanced a different theory for why Rule 60(b) relief was appropriate before the district court and has not asked for plain-error review on appeal, we deem her new theory waived and decline to review it. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise.").

Second, Ms. Kehl argues that the dismissal functions as a sanction against her and that the dismissal should be reviewed as if it were a default judgment. She asserts that under *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731 (10th Cir. 1991) (per curiam), the dismissal was error because Ms. Kehl's failure to comply with the order to show cause was not due to "willfulness, bad faith, or some fault of" hers. *Id.* at 733 (brackets and internal quotation marks omitted). But again, she did not raise this theory before the district court and does not ask for plain-error review now, so she has also waived this argument. *See Leffler*, 942 F.3d at 1196.

Third, Ms. Kehl argues her failure to comply with the due date was due to excusable neglect under Rule 60(b)(1). She contends she did not know about the order to show cause deadline, and that her attorneys leaving, and consequences

4

thereof, were beyond her control.  But Ms. Kehl did not seek relief under Rule 60(b)(1); she sought relief under Rule 60(b)(6).  *See* Aplt. App. at 62 ("Plaintiff, Naomi Kehl, by and through her undersigned counsel, hereby files this Motion to Vacate Dismissal and Reinstate Civil Case pursuant to Federal Rule of Civil Procedure 60(b)(6).").  Rule 60(b)(1) and Rule 60(b)(6) "are mutually exclusive." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). And we have said that Rule 60(b)(6) is "for causes not covered by another cause specifically enumerated in Rule 60(b)(1–5)."  *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1283 (10th Cir. 2025) (internal quotation marks omitted). Ms. Kehl's 60(b)(1) argument before this court is new.  She does not seek plain-error review on this argument, so we deem this argument waived as well.  *See Leffler*, 942 F.3d at 1196.  And in any event, Ms. Kehl has not shown that Lento Law's internal mismanagement and failure to ensure an orderly transition of the departing lawyers constitutes excusable neglect to meet the show cause deadline.  *Cf. Pioneer Inv. Servs. Co.*, 507 U.S. at 398 (determining that "[i]n assessing the culpability of . . . counsel, we give little weight to the fact that counsel was experiencing upheaval in [the] law practice at the time" the filing was due).

Ms. Kehl's only preserved argument is that the prior counsel's failings created extraordinary circumstances that resulted in her failure to prosecute this case, so as to justify relief under Rule 60(b)(6).  But Ms. Kehl does not argue that before this court, so we need not address it now.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286

5

(10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

## III.    Conclusion

We affirm the district court's judgment.

Entered for the Court


Allison H. Eid
Circuit Judge