53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Curtis Joseph DELAHOUSSAYE, Plaintiff-Appellant,
v.
John DANTIS, Director of Bcdc, Defendant-Appellee.
 No. 95-2010.
 D.C. No. CV-94-694.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Curtis Joseph Delahoussaye filed an amended complaint against the Director of the Bernalillo County Detention Center alleging breach of security. Mr. Delahoussaye then filed a motion for default judgment alleging the Director failed to respond to the complaint. A United States Magistrate Judge denied the motion because the Director had not yet been served with the complaint. Later in the proceedings, the Director filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). This motion was granted based upon Mr. Delahoussaye's failure to respond to the motion to dismiss and upon the merits.
 
 
 3
 Mr. Delahoussaye now appeals the denial of his motion for default judgment. He contends his complaint was properly served on the Director and judgment should have been entered in his favor pursuant to Fed.R.Civ.P. 55. We review a trial court's order denying a motion for default judgment for abuse of discretion. In re Rains, 946 F.2d 731, 732 (10th Cir.1991) (per curiam). We affirm.
 
 
 4
 Mr. Delahoussaye filed his complaint in July 1994. Fed.R.Civ.P. 4(c), which had been amended effective December 1, 1993, provides in relevant part:
 
 
 5
 (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint....
 
 
 6
 (2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose.
 
 
 7
 Mr. Delahoussaye asked the court to direct the United States Marshals Service to serve the summons and complaint, and the court agreed. Because the address given for the Director was incorrect, the marshal was not able to serve the summons. Mr. Delahoussaye also attempted service by mail pursuant to the old Rule 4(c)(2)(C)(ii); however, he did not receive an acknowledgment of service. Separate and apart from the fact this rule is no longer in effect, the old rule requires if the plaintiff attempts service by mail but does not receive an acknowledgment of service, then the plaintiff must effect personal service. Fed.R.Civ.P. 4(c)(2)(C)(ii) (1992).
 
 
 8
 Until a defendant is properly served, the defendant has no duty to answer or make other motions. See Fed.R.Civ.P. 12(a) ("a defendant shall serve an answer ... within 20 days after being served with the summons and complaint ") (emphasis added). If a defendant has no duty to plead until properly served, then default judgment under Rule 55 would be improper. Fed.R.Civ.P. 55(a) ("When a party against whom a judgment ... is sought has failed to plead ... as provided by these rules ..., the clerk shall enter the party's default."). The Director was not served with the summons and complaint; thus, we conclude the United States Magistrate Judge did not abuse his discretion in denying Mr. Delahoussaye's motion for default judgment. Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470