**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARMEN NAOMI WATSON,

     Plaintiff - Appellant,

v.

MYLAN PHARMACEUTICALS, INC.,

     Defendant - Appellee.

Nos. 16-3349 & 17-3019
(D.C. No. 2:16-CV-02449-CM-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

In these consolidated appeals, Carmen Naomi Watson appeals pro se from district court orders that (1) denied her motion for a default judgment and instead dismissed her product-liability lawsuit against Mylan Pharmaceuticals, Inc. (Appeal No. 16-3349); and (2) denied her post-judgment motion to recuse the district judge (Appeal No. 17-3019). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Ms. Watson was allegedly injured by Mylan's anti-acne drug, Amnesteem, an FDA-approved generic version of Accutane. In a pro se complaint, she sought $110,000,000 in damages, claiming she was not warned of Amnesteem's dangerous side-effects, in violation of the Kansas Product Liability Act, Kan. Stat. Ann. §§ 60-3301 to -3307; the Kansas Consumer Protection Act, *id.* §§ 50-623 to -643; and Kansas common law.

Mylan moved to dismiss, arguing that Ms. Watson's claims were preempted by federal law. *See PLIVA, Inc. v. Mensing*, 564 U.S. 604, 610-11, 624 (2011) (finding preemption where state tort law required generic drug manufacturers to provide adequate warning labels but federal law required those manufacturers to use the same safety and efficacy labels as their brand-name counterparts); *Mut. Pharm. Co. v. Bartlett*, 133 S. Ct. 2466, 2470 (2013) ("hold[ing] that state-law design-defect claims that turn on the adequacy of a drug's warnings are pre-empted by federal law under *PLIVA*"). In response, Ms. Watson suggested she was asserting design-defect claims, and she argued Mylan should have warned of Amnesteem's dangers by providing "extra precaution inserts." R. at 58. Ms. Watson also sought a default judgment, arguing that Mylan had not timely answered her complaint or moved to dismiss.

While awaiting a ruling on its motion to dismiss, Mylan moved to stay discovery. Ms. Watson opposed a stay so she could seek evidence that Mylan had "failed to keep Amnesteem['s] [warning label] updated." R. at 101. A magistrate judge denied a stay to the extent Ms. Watson sought such evidence.

2

A month later, District Judge Carlos Murguia granted Mylan's motion to dismiss, concluding that Ms. Watson's claims were preempted by federal law because "[i]t is impossible for generic drug manufacturers to comply both with state laws that would require alterations to a drug or its labeling to make the drug safer and with federal law that prohibits changes to approved drugs." R. at 119. In dismissing Ms. Watson's complaint, Judge Murguia did not address any failure-to-update issue. He also denied Ms. Watson's motion for default judgment. Ms. Watson then unsuccessfully moved to recuse Judge Murguia as biased.

Ms. Watson now appeals, contesting the denials of her motions for default judgment and for recusal and the granting of Mylan's motion to dismiss.[1]

## DISCUSSION[2]
### I. Default Judgment

We review for an abuse of discretion the denial of a motion for default judgment. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995). Ms. Watson contends she was entitled to a default judgment because Mylan's motion to dismiss "had not been served by the due deadline." Aplt. Opening Br. at 12 (Appeal No. 16-3349). But Mylan's motion was mailed to Ms. Watson twenty-one days after she served her complaint. It was therefore timely. *See* Fed. R. Civ. P. 12 (providing that a motion to

---

[1] Mylan argues that Ms. Watson cannot appeal the denial of her motion for default judgment. But an order denying such a motion is appealable once the district court issues a final judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

[2] Throughout the entirety of our review in this case, we liberally construe Ms. Watson's pro se filings, but we do not act as her advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

dismiss "must be made before pleading" and within twenty-one days after service of the summons and complaint); Fed. R. Civ. P. 5(b)(2)(C) (providing that "service is complete upon mailing").

## II. Dismissal

We review de novo a district court's dismissal of a complaint for failure to state a claim, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002), examining whether the plaintiff has pled sufficient factual allegations "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Ms. Watson first contends she was not "giv[en] the opportunity to present evidence" before the district court dismissed her complaint. Aplt. Opening Br. at 13 (Appeal No. 16-3349). But "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (internal quotation marks omitted).

Next, Ms. Watson argues her claims were not preempted. She attempts to avoid *Mensling* and *Bartlett* on the ground that the "warnings on the Amnesteem box [she] received were outdated as the original drug maker had a history of revisions." Aplt. Opening Br. at 15 (Appeal No. 16-3349). Granted, the Sixth Circuit has held that a failure-to-warn claim is not preempted if the generic drug's warning label does not include language from the brand-name drug's updated warning label. *See Fulgenzi v. PLIVA, Inc.*, 711 F.3d 578, 584 (6th Cir. 2013). *But see Morris v. PLIVA, Inc.*, 713 F.3d

4

774, 777 (5th Cir. 2013) (per curiam) ("[I]t is logically incoherent to contend that PLIVA had a duty to apply the 2004 warning label when Appellants also assert repeatedly that no labels predating 2009 were adequate. Tort liability does not arise for failure to attach an inadequate label."). Ms. Watson did not, however, include failure-to-update allegations in her complaint. And she opposed dismissal of her complaint not on the basis of Mylan's failure to update Amnesteem's warning to correspond to Accutane's warning, but on the basis that Mylan had failed to provide "extra precaution inserts" supplementing Accutane's warnings. R. at 58. Even in a post-judgment motion for reconsideration, Ms. Watson claimed she had not received a warning insert and should have been given the "opportunity to submit this theory of inadequate warning." Aplee. Supp. App. at 64 (internal quotation marks omitted).

At no point in the proceedings below did Ms. Watson move to amend her complaint to advance failure-to-update allegations. A plaintiff's failure to either plead those allegations or seek amendment of her product-liability complaint is fatal to a plaintiff's attempt to recover for a failure to update. *See Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 359-60 (7th Cir. 2016).

Moreover, a failure-to-update theory requires more than "merely[ ] the fact of the failure to update." *Fulgenzi*, 711 F.3d at 588. It requires "that the failure to include th[e] [updated] language *proximately caused* [the plaintiff's] injuries." *Id.* (emphasis added). In her appellate brief, Ms. Watson states only that Amnesteem's warning was "outdated." Aplt. Opening Br. at 15 (Appeal No. 16-3349). Thus, even if we accepted the Sixth Circuit's view that a failure-to-update theory is not preempted by federal law,

5

Ms. Watson has failed to even describe such a claim, let alone plead one. *See Twombly*, 550 U.S. at 555 (stating that speculative allegations are insufficient to state a plausible claim for relief).

### III. Recusal

We review for an abuse of discretion the denial of a motion to recuse. *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1308 (10th Cir. 2015). Ms. Watson asserts that Judge Murguia's bias in favor of Mylan is demonstrated by "his outlandish ruling" that her claims are preempted. Aplt. Opening Br. at 5 (Appeal No. 17-3019). But as explained above, Judge Murguia correctly dismissed Ms. Watson's complaint on the basis of preemption. Further, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (internal quotation marks omitted).

Rather, a party seeking recusal must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotation marks omitted). Ms. Watson has offered no reasonable factual basis for questioning Judge Murguia's impartiality. Her references to "organized crime," the deaths of "persons involved in the prosecutions against Merck/Mylan," Aplt. Opening Br. at 15 (Appeal No. 17-3019), and "cover-ups for personal wealth," Aplt. Reply Br. at 20, are nothing more than "baseless personal attacks," which do not satisfy the requirements for recusal, *Cooley*, 1 F.3d at 994.

6

**CONCLUSION**

The judgements of the district court are affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge