**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARMEN WATSON,

    Plaintiff - Appellant,

v.

MYLAN PHARMACEUTICALS;
MYLAN N.V.; MYLAN LABS;
GENPHARM; BERTEK; MERCK;
MYLAN INC.; RAJIV MALIK;
HEATHER BRESCH; CATALENT
PHARMA SOLUTIONS,

    Defendants - Appellees.

No. 19-3162
(D.C. No. 5:18-CV-04137-CM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.[**]
_____

Pro se Plaintiff Carmen Watson appeals from the district court's dismissal of

her product-liability claims on the grounds that they are subject to claim preclusion

and barred by the statute of limitations.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

On June 21, 2016, Plaintiff filed a pro se complaint against Mylan Pharmaceuticals and Mylan Inc. in federal district court alleging she had sustained numerous injuries after taking the defendants' anti-acne drug, Amnesteem—an FDA-approved generic version of the brand-name drug Accutane—in 2014. Plaintiff claimed the defendants failed to warn her of Amnesteem's deleterious side-effects in violation of Kansas law. The district court dismissed the action, concluding that Plaintiff's claim was preempted by federal law.[1] *See Watson v. Mylan Pharma., Inc.*, No. 16-2449, 2016 WL 6996263, at *2–5 (D. Kan. Nov. 30, 2016).

On appeal, we agreed that Plaintiff's claim was preempted. *See Watson v. Mylan Pharma., Inc.*, 701 F. App'x 729, 731–32 (10th Cir. 2017). We noted Plaintiff had attempted to overcome preemption analysis on appeal by arguing that Amnesteem's label was deficient because it had failed to keep pace with updates to Accutane's label. *Id.* at 731. Although we acknowledged that a failure-to-update theory was potentially viable,[2] we rejected Plaintiff's argument because she did not assert the theory in her complaint, argue it in her motion-to-dismiss or motion-for-reconsideration briefing, move to amend in order to include it in her complaint, or

---

[1] *See PLIVA, Inc. v. Mensing*, 564 U.S. 604, 611–13, 617, 624 (2011) (holding that state tort law that required generic drug manufacturers to provide adequate warning labels was preempted where federal law required manufacturers to use the same labels as their brand-name counterparts); *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 476 (2013) (holding "state-law design-defect claims that turn on the adequacy of a drug's warnings are pre-empted by federal law under *PLIVA*").

[2] *Compare Fulgenzi v. PLIVA, Inc.*, 711 F.3d 578, 584 (6th Cir. 2013), *with Morris v. PLIVA, Inc.*, 713 F.3d 774, 777 (5th Cir. 2013) (per curiam).

explain how the defendants' failure to update Amnesteem's label proximately caused her alleged injuries. *Id.* at 731–2. We accordingly affirmed the dismissal. *Id.*

On July 16, 2018, Plaintiff filed a new complaint in New Jersey state court[3] and, after dismissal, re-filed it in the Kansas federal district court on November 13, 2018. As with her previous complaint, Plaintiff seeks to recover for injuries she allegedly sustained after taking Amnesteem in 2014. However, Plaintiff's new complaint names six additional corporate Defendants as well as two individual Defendants. Plaintiff also expressly asserts a failure-to-update theory and alleges newly diagnosed injuries she claims could not have been ascertained at the time she brought her prior suit.

The district court dismissed the complaint. The court concluded Plaintiff's cause of action against the two individual Defendants and four of the corporate Defendants—Mylan Inc., Mylan Pharmaceuticals, Mylan N.V., and Catalent Pharma Solutions—was subject to claim preclusion. The court determined that the dismissal of the previous complaint constituted a judgment on the merits and that the six

---

[3] Plaintiff apparently filed her complaint in New Jersey based on the New Jersey Supreme Court's decision to designate the Atlantic County Court as the forum to address "all pending and future New Jersey product-liability actions involving Accutane." *See In re Accutane Litig*, 194 A.3d 503, 512 (N.J. 2018). New Jersey state court records show that Plaintiff's complaint against Mylan NV, Mylan Labs, Mylan Pharmaceuticals, Catalent Pharma Solution, Rajiv Malik, Mylan Inc., and Genpharm, filed in Atlantic County Court on July 16, 2018, was dismissed without prejudice on August 14, 2018. *See Watson v. Mylan Pharma.*, No. ATL L-001708-18 (Atlantic County Ct.); *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (explaining that we may take judicial notice of another court's docket). Plaintiff asserts that the state court instructed her to refile in Kansas, where she resides.

3

Defendants at issue were either identical to, or in privity with, the defendants in the previous case. The court also concluded that, under the transactional approach employed in the Tenth Circuit, *see MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005), the cause of action asserted in the new complaint—even formulated as a failure-to-update theory—was identical, for purposes of claim preclusion, to the cause of action adjudicated in Plaintiff's previous suit.

The district court concluded Plaintiff's state-law product-liability claims against the remaining Defendants—Mylan Labs, Genpharm, Bertek, and Merck— were barred by Kansas's two-year statute of limitations. *See* Kan. Stat. Ann. § 60-513. The court explained that Plaintiff had ascertained her alleged substantial injuries from her use of Amnesteem no later than June 21, 2016, when she filed her previous suit, and that, by the time she filed the instant suit, the two-year period had run.[4] The court also rejected Plaintiff's contention that the statute of limitations should be tolled under the doctrines of equitable estoppel and fraudulent concealment, concluding that Plaintiff had failed to allege the requirements for equitable estoppel or to plead fraudulent concealment with particularity.

In the dismissal order, the district court also denied Plaintiff's motions for entry of default and default judgment against the individual Defendants, Rajiv Malik and Heather Bresch. In these motions, Plaintiff had asserted that, although the individual Defendants had been served with process, they did not file an answer

---

[4] Indeed, we note that the filing of the New Jersey state-court complaint on July 16, 2018, also fell outside of the two-year period.

within 21 days as required but instead filed a motion to dismiss 60 days after being served. *See* Fed. R. Civ. P. 12(a), 55. The court determined that an entry of default was inappropriate because the individual Defendants were never actually served with process but instead filed a waiver of service, permitting them to file an answer or Rule 12 motion within 60 days of their waiver, which they did. *See* Fed. R. Civ. P. 4(d).

On appeal, Plaintiff challenges the district court's denial of her motions for entry of default and default judgment. Primarily, she argues that the court was wrong to accord the individual Defendants additional time to respond to her complaint under Rule 4(d)'s waiver provisions because she never requested a waiver from them, and Rule 4(d) does not permit defendants to unilaterally waive service. This argument, though interesting,[5] is ultimately irrelevant as the court also correctly determined that entry of default was inappropriate because the individual Defendants had never actually been served. *See Delahoussaye v. Dantis*, 53 F.3d 342 (table), 1995 WL 257910, at *1 (10th Cir. 1995); *see also* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2682 (4th ed. 2019) ("Before a default can be entered, . . . the [defendant] must have been effectively served with process."). Although Plaintiff argues the individual Defendants were served, the record contains no proof of service

---

[5] Although there is sparse authority on this issue, the only decisions we have located suggest that defendants may unilaterally waive service. *See Cutler v. Green*, No. 17-984, 2017 WL 2957817, at *4 n.7 (E.D. Pa. July 11, 2017); *Valido-Shade v. Wyeth, LLC* (*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Litig.*), 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012).

with respect to the individual Defendants and no summons that were issued for them, even though summons had been issued for several corporate Defendants. *See* Fed. R. Civ. P. 4(b), (c)(3), (*l*). The district court did not err in denying the motions.

Plaintiff next argues the district court erred in concluding her claims against six of the Defendants are subject to claim preclusion. She does not dispute that the dismissal of her previous complaint constitutes a judgment on the merits or that the six Defendants are identical to, or in privity with, the defendants in the previous case. Plaintiff appears only to contest the court's determination that the causes of action in her old and new complaints are identical for purposes of claim preclusion.

We review a dismissal based on claim preclusion de novo. *See MACTEC, Inc.*, 427 F.3d at 831. "Under the transactional approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (internal quotation marks and brackets omitted). Thus, "claim preclusion[] will prevent a party from relitigating a legal claim that was or *could have been* the subject of a previously issued final judgment." *MACTEC, Inc.*, 427 F.3d at 831 (emphasis added).

Here, the previous complaint alleged that Amnesteem's inadequate warnings resulted in Plaintiff's alleged injuries when she took the drug in 2014. The mere fact that the new complaint asserts that the warning's inadequacy stems from Defendants' failure to update Amnesteem's label does not disconnect it from the operative

6

allegations of the prior complaint. The allegations remain the same: inadequate warnings resulted in injuries from taking Amnesteem in 2014. Plaintiff's argument that she never pursued a failure-to-update theory in the prior litigation is beside the point. She could have asserted the theory by seeking to amend her complaint. *See Watson*, 701 F. App'x at 730, 732 (noting Plaintiff sought discovery on the issue but never sought to amend her complaint); *MACTEC, Inc.*, 427 F.3d at 831 (claim preclusion applies if claim "could have been" raised). The causes of action are identical for purposes of claim preclusion, and we see no error in the district court's claim-preclusion analysis.

Finally, Plaintiff challenges the district court's determination that her state-law claims against the remaining Defendants are time-barred under Kansas's two-year statute of limitations. Plaintiff does not argue, as she did in the district court, that the limitations period did not begin to run until her new injuries had been diagnosed. Rather, Plaintiff contends her claims are not time-barred because she could not have known until November 30, 2016—during the discovery phase of the previous litigation and within the limitations period—that Defendants had a duty to update Amnesteem's label and had failed to do so. This amounts to an argument that Plaintiff could not have reasonably ascertained the wrongful act (*i.e.*, failure to update the label) that caused her injury. *See Roe v. Diefendorf*, 689 P.2d 855, 860 (Kan. 1984) (requiring that "both the [wrongful] act and the resulting injury [be] reasonably ascertainable by the injured person" to trigger the limitations period).

7

We are not persuaded by this argument. Kansas's statute of limitations only "postpones the running of the limitations period until the time the plaintiff is able to determine that her injury may be caused by *some* act of the defendant." *Benne v. Int'l Bus. Machs. Corp.*, 87 F.3d 419, 427 (10th Cir. 1996) (emphasis added). It "does not give plaintiff an infinite amount of time, after learning the cause of her injuries, to ponder whether [defendant's actions] injured her because of defendant's negligence or because of other reasons." *Id.* Here, Plaintiff must have been aware of the basis for her allegations that Amnesteem caused her injuries and that its warnings were inadequate no later than June 21, 2016, when she filed her first complaint. That is the latest time the limitations period could have begun to run. Plaintiff's subsequent discovery of the reasons for the warning's inadequacy is of no consequence.

Plaintiff also asserts, as she did in the district court, that the limitations period should be tolled because Defendants fraudulently concealed evidence. Plaintiff's reliance on the fraudulent-concealment exception is misplaced. For one thing, the exception only applies if the plaintiff is actually prevented from discovering the cause of action. *See City of Wichita v. U.S. Gypsum Co.*, 72 F.3d 1491, 1499 (10th Cir. 1996). Here, however, Plaintiff was fully aware of the basis for her cause of action by the time she filed her first complaint. Further, as the district court noted, Plaintiff has failed to plead fraudulent concealment with the particularity required by Fed. R. Civ. P. 9(b). *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d

8

986, 995 (8th Cir. 2007). The district court correctly determined that the claims against the remaining Defendants are time-barred.[6]

We **AFFIRM** the district court's order denying Plaintiff's motions for entry of default and default judgment and dismissing her claims.[7]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[6] The court also concluded Plaintiff could not overcome the statute of limitations by asserting violations of the Food, Drug, and Cosmetic Act because the FDCA does not provide for a private right of action by consumers. Plaintiff does not clearly challenge this conclusion on appeal, and, to the extent she does challenge it, we agree with the district court. *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014) (citing 21 U.S.C. § 337). Further, to the extent Plaintiff attempts to bypass the statute of limitations by casting her product-liability claim as a violation of her First Amendment right to freely exercise her religious views regarding holistic medicine, she has failed to plead that Defendants are government actors. *See Tilton v. Richardson*, 6 F.3d 683, 687 (10th Cir. 1993).

[7] Plaintiff briefly asserts the district court's dismissal amounted to a violation of her constitutional rights of due process and court access. Because this line of argument is inadequately developed, we do not address it. *See Malouf v. SEC*, 933 F.3d 1248, 1256 n.6 (10th Cir. 2019).