In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-3289

DJM LOGISTICS, INC.,

*Plaintiff-Appellant,*

*v.*

FEDEX GROUND PACKAGE SYSTEM, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:20-cv-01311-BHL — **Brett H. Ludwig**, *Judge.*

ARGUED JUNE 3, 2022 — DECIDED JULY 6, 2022

Before SYKES, *Chief Judge*, and FLAUM and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* FedEx Ground Package System, Inc., which transports freight throughout the country, often contracts with local companies to pick-up and deliver packages on its behalf. When FedEx Ground ended one such contract with Fairway Delivery Inc., a small freight delivery company in suburban Milwaukee, its co-owner Brandi Johnson claimed racial discrimination. In four complaints, spread

over three cases, Johnson was unable to state a claim upon which relief could be granted. We conclude that the district court did not err in dismissing this case and doing so with prejudice, so we affirm.

**I**

This case's procedural history prescribes its outcome, so we relay it in some detail.

In late 2009, Fairway contracted with FedEx Ground to deliver packages to its Milwaukee-area customers. Brandi Johnson, who is African-American and Native-American, co-owns Fairway.

FedEx Ground assigned its contract with Fairway to another company in September 2016. Johnson believed that FedEx Ground engaged in racial discrimination and breach of contract when it did so. In January 2020, she filed a pro se complaint on behalf of Fairway making these allegations.[1] This first case was dismissed without prejudice because Johnson is not a licensed attorney and thus could not represent a corporate plaintiff.

About a month later, now represented by counsel, Johnson again sued FedEx Ground.[2] This second case listed Johnson and Fairway Delivery, Inc. as plaintiffs. Like the first case, it claimed that FedEx Ground breached its contract with Fairway as well as violated 42 U.S.C. § 1981, which prohibits racial discrimination when making and enforcing contracts. In this second case, the plaintiffs alleged that FedEx Ground

---

[1] E.D. Wis. case no. 20-cv-114.

[2] E.D. Wis. case no. 20-cv-342.

forced Fairway to assign its agreement with the plaintiffs to a different contractor.

In March 2020, plaintiffs' then-counsel gave notice that Johnson and Fairway had voluntarily dismissed the second case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The district court adopted this notice and dismissed the second case without prejudice. Plaintiffs' claims were then folded into a pending arbitration. While that proceeding was somewhat opaque, apparently it involved Johnson, Fairway, FedEx Ground, and perhaps others. According to FedEx Ground, a settlement was reached in July 2020, under which Johnson and the other plaintiffs agreed not to sue FedEx Ground and to release all claims against it. Johnson disputes that she was a party to any settlement.[3]

The next month, Johnson, representing herself, filed a third case against FedEx Ground.[4] She was the sole plaintiff. This complaint involved similar facts and arguments as her two previous lawsuits and the arbitration, including a § 1981 racial discrimination claim for FedEx Ground terminating its contract with Fairway.

FedEx Ground moved to dismiss this third case under Federal Rule of Civil Procedure 12(b)(6), arguing that Johnson lacked standing to sue because she was not a party to any contract with FedEx Ground. After the motion was fully briefed the district court set a motion hearing. The day before that hearing, Johnson filed an unauthorized surreply in which she

---

[3] Any settlement agreement is not part of the record, so we rely on the parties' representations for these characterizations. *See, e.g.*, Oral Argument at 5:20–7:44, 19:51–20:56.

[4] E.D. Wis. case no. 20-cv-1311.

alleged FedEx Ground discriminated against her by refusing
to allow Fairway to assign its contract to her. During the next
day's court hearing, Johnson repeated her claim that FedEx
Ground not only blocked a contract assignment to her as an
individual, but also prevented a contract assignment to BN
Investment Services, Inc., a company of which she was the
majority shareholder.

In a September 27, 2021 written order, the district court
granted FedEx Ground's motion to dismiss this third case.
The court concluded that Johnson's complaint failed to state
a claim under § 1981. Johnson had argued that because she
was Fairway's business contact, that qualified her as a party
to the contract. The court rejected that argument, relying on
corporate and agency law that a shareholder and contracting
officer has no rights under a corporation's contracts, *Domino's
Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006), and the con-
tract at issue was between Fairway and FedEx Ground and
did not involve Johnson. Johnson also had not alleged her lat-
est assignment-denial theory in this third complaint, the court
noted.

Nevertheless, the district court granted Johnson a
reprieve. Based on her surreply and her statements at the mo-
tion hearing, she was granted two weeks to amend her com-
plaint. The court's order gave Johnson precise and emphatic
directions:

> **The Court strongly cautions Johnson, how-
> ever, <u>not</u> to file an amended complaint assert-
> ing this new theory <u>unless</u> she has proof of
> these new allegations. If the record later shows
> that Johnson never asked FedEx to approve an
> assignment of the Fairway contract to Johnson**

> **individually, and she nevertheless proceeds with a claim that such a request was denied, she may face possible sanctions for making false representations to the Court in violation of the Federal Rule of Civil Procedure 11(b).**

(Emphases in original.)

Eight days later, on October 5, 2021, Johnson filed an amended complaint in which she replaced herself as the plaintiff with a corporation, DJM Logistics Inc., the appellant here. Johnson asserted she "was to be the majority shareholder and owner" of DJM.

This was the fourth complaint, each alleging the same claims, that Johnson and/or one of her companies had filed: the complaints by Fairway and Johnson as plaintiffs prior to the arbitration, and the complaints by Johnson and DJM as plaintiffs after the arbitration. This fourth complaint did not allege that FedEx Ground had blocked an attempted assignment of contract rights to Johnson individually, as she had said in her surreply and at the motion hearing. Instead, the pleading alleged a different version of the facts in which FedEx Ground blocked an assignment to DJM. FedEx Ground immediately moved to dismiss this fourth complaint under Federal Rule of Civil Procedure 12, and it requested relief under 28 U.S.C. § 1927 for Johnson unreasonably and vexatiously multiplying these proceedings.

The district court dismissed this fourth complaint with prejudice in December 2021. The court stated "[n]either this argument nor any other argument in the amended complaint conform[ed] to the requirements specified in the Court's previous order or otherwise stat[ed] a claim under Federal Rule

of Civil Procedure 8(a)." This "failure alone [was] sufficient …
to grant FedEx's motion to dismiss the amended complaint."
The fourth complaint was defective for two other reasons, the
court ruled. First, it "name[d] DJM as the plaintiff instead of
Johnson, and Johnson again made the filing without represen-
tation of counsel." Second, the "four-year statute of limita-
tions for Johnson's Section 1981 claim ha[d] elapsed."

Johnson was also ordered to show cause why, given her
conduct, sanctions were not appropriate. She responded by
counsel, arguing the district court had only required she al-
lege a discriminatory refusal of assignment. That requirement
was satisfied, she said, when she claimed DJM was refused
the assignment. For the first time she also asserted that the
two weeks the court had granted her within which to file an
amended complaint were inadequate for her to retain coun-
sel. Finding Johnson's response deficient, the district court
"admonished her for proceeding with her litigation."

This appeal followed. We review de novo the challenge to
the district court's dismissal of DJM's complaint for failure to
state a claim upon which relief could be granted. *Peterson v.
Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021).
The appeal of the dismissal of DJM's complaint with preju-
dice is reviewed for abuse of discretion. *Jauquet v. Green Bay
Area Cath. Educ., Inc.*, 996 F.3d 802, 811–12 (7th Cir. 2021).

## II

### A

DJM argues the district court erroneously dismissed its
amended complaint for failure to state a claim upon which
relief could be granted. This pleading met the requirements

of Federal Rule of Civil Procedure 8(a), DJM submits, and was not precluded by a four-year statute of limitations.

DJM's arguments fall short for a number of reasons. "Any claim brought under § 1981 … must initially identify an impaired contractual relationship … under which the plaintiff has rights." *Domino's Pizza, Inc.*, 546 U.S. at 476 (footnote and internal quotation marks omitted). DJM's amended complaint, filed in October 2021, states that Johnson "was to be" a majority shareholder of DJM. But it did not identify DJM's shareholders at the relevant time. It pleads no facts compliant with Rule 8(a) as to DJM's imputed racial identity, or Johnson's role in DJM, to support a claim for relief under § 1981. The amended complaint therefore fails to show that the pleader, DJM, was a party to an allegedly impaired contract and entitled to relief.

Further, between her third and fourth complaints, Johnson switched the party to whom FedEx Ground had allegedly blocked an attempted assignment of the delivery contract. On September 27, 2021, the district court granted Johnson leave to amend her third complaint. If she had proof of new allegations, she could bring a new claim that FedEx Ground discriminated against her when it refused to allow Fairway to assign its contract to her. This leave was with specific bold and underlined conditions, relayed above. Presumably, the district court granted Johnson this opportunity out of patience, notwithstanding that Johnson raised this contention in an unauthorized surreply, and then reiterated it during the motion hearing.

Still, the amended fourth complaint that Johnson filed for DJM in October 2021 did not include factual support for her tardy contention that she was denied an assignment of the

Fairway contract. Instead, that pleading alleged FedEx Ground interfered with Fairway's attempt to assign its contract to DJM. Johnson therefore failed to comply with the court's September 27, 2021 order, as well as Rule 8(a) and what was required to claim a violation of § 1981. This fourth complaint was also defective because it named DJM as the plaintiff, but the filing was by Johnson—the same error she had made the previous year in her first complaint in Eastern District of Wisconsin case no. 20-cv-114.

The fourth complaint is also deficient because the four-year statute of limitations for a § 1981 claim had elapsed. DJM incorrectly asserts that its claim was subject to a six-year limitations period. Rather, this court has ruled that "[§] 1981 claims must be filed within four years of the alleged discriminatory act." *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 891 (7th Cir. 2016) (citing 28 U.S.C. § 1658(a) among other authorities).[5] Johnson claims FedEx Ground ended Fairway's contract on or about September 2, 2016, more than four years before the amended complaint was filed on October 5, 2021.

---

[5] "On December 1, 1990, Congress adopted a four-year statute of limitations for federal claims." *Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 667 (7th Cir. 2014) (citing 28 U.S.C. § 1658)). The Supreme Court has interpreted this statute "to apply only 'if the plaintiff's claim against the defendant was made possible by a post–1990 enactment.'" *Id.* at 667–68 (quoting *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). Because Johnson's assignment-theory claim relies on a provision enacted by the Civil Rights Act of 1991—42 U.S.C. § 1981(b)—the four-year statute of limitations applies to her claim. *Campbell*, 752 F.3d at 668 (explaining that the Civil Rights Act of 1991 amended § 1981 to make possible new "claims based on conduct that occurred after the formation of a contract, such as wrongful-termination claims" (citation omitted)).

**B**

DJM also argues that the district court abused its discretion by dismissing the fourth complaint with prejudice, without leave to amend, and without sufficient time to retain counsel.

Federal Rule of Civil Procedure 15(a)(2) provides that the court should "freely give leave [to amend] when justice so requires." But "[w]e will not reverse a district court's decision [to dismiss a complaint with prejudice], when the court provides a reasonable explanation for why it denied the proposed amendment." *Jauquet*, 996 F.3d at 812 (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015)).

The district court did afford Johnson the chance to amend her third complaint. She was granted 14 days to amend from the court's September 27, 2021 order dismissing that complaint without prejudice. Johnson filed her fourth complaint eight days later. She did not seek leave to further amend her complaint before, during, or after this time period. A court does "not abuse its discretion by failing to order, *sua sponte*, an amendment" when the plaintiff does not request one. *Wagner v. Teva Pharms. USA*, 840 F.3d 355, 359 (7th Cir. 2016). Here, the district court did not abuse its discretion for failing to grant a request that was never made.

DJM also contends that the amendment process was affected because Johnson could not afford counsel, and she was concerned that FedEx Ground improperly influenced her former attorneys. But DJM did not ask the district court for more time to retain counsel to file an amended complaint. And Johnson and her related companies knew how to retain counsel—recall, Johnson and Fairway retained counsel for her

second complaint in Eastern District of Wisconsin case no. 20-cv-342, as well as during the arbitration. Even more, DJM responded to the district court's September 27, 2021 order granting leave to amend on October 5, 2021—six days before the court-imposed deadline of October 11, 2021. DJM's assertions on this point are too late and offered without evidence of any attempts to retain counsel during that time frame.

Dismissal with prejudice of the fourth complaint was warranted because the amendment of the third complaint failed to comply with the district court's earlier order. Johnson knew from the district court's dismissal of her first complaint in Eastern District of Wisconsin case no. 20-cv-114 that only an attorney could represent a corporation in court. Yet when Johnson amended her third complaint, she substituted a corporation, DJM, for herself, and she did so on a form captioned, "**<u>AMENDED</u> COMPLAINT (for non-prisoner filers without lawyers)**." Johnson knew from the earlier dismissal that she could not represent a corporation in this manner.

Given the opportunities Johnson was afforded in four complaints over three cases, the district court offered a reasonable explanation and thus did not abuse its discretion when it dismissed the fourth complaint with prejudice.

## C

We close with some comments about Johnson's conduct and sanctions. "We recognize that litigation presents significant challenges for *all* pro se plaintiffs." *Pruitt v. Mote*, 503 F.3d 647, 660 (7th Cir. 2007) (en banc). Pro se litigants should be granted appropriate latitude in their dealings with courts and counsel for correct and honorable reasons. "But being a pro se litigant does not give a party unbridled license to disregard

clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

Based on Johnson's conduct during the history of this dispute, the district court was well within its discretion to sanction Johnson and/or her corporations. Indeed, that court could have gone further and awarded FedEx Ground the reasonable attorneys' fees it incurred in defending Johnson's various suits and complaints. Latitude with a pro se plaintiff can be limited, and patience can be exhausted, in the face of persistent violative conduct.

After two pleading attempts, one of which was dismissed for violating the requirement that an attorney must represent a corporation, Johnson voluntarily dismissed her claim, which was then apparently settled after an arbitration. Notwithstanding that resolution, the next month Johnson had returned to court and filed her third case trying to make the same claims. That third case reached the cusp of dismissal when she raised an assignment-denial theory in an unauthorized surreply and which she reiterated during a court hearing. So, the district court granted her—with clear and emphatic directions—a fourth opportunity to plead her claim. In response, Johnson violated those instructions. She reverted to her previous behavior and filed a fourth complaint on behalf of a different corporation in which she pleaded different facts than she had previously represented to the court in writing and orally. She also violated the requirement that only an attorney can represent a corporation—a rule she was aware of from a previous dismissal in this same dispute—and she did so on a form with a caption that states in bold it was to be used by nonlawyers, so it could not be used for a corporate plaintiff.

These circumstances justifiably frustrated FedEx Ground, as the goal of a "speedy" and "inexpensive" determination of this dispute was not met. *See* FED. R. CIV. P. 1. Patience can properly expire when litigation becomes the shell game that was perpetrated here. Given this procedural history, the district court could have done more than admonish Johnson. FedEx Ground could have been awarded its reasonable attorneys' fees for having to respond to the frivolous allegations of Johnson and her companies.

*           *           *

For these reasons, we AFFIRM the district court's judgment. The costs of this appeal are to be taxed against the appellant pursuant to FED. R. APP. P. 39(a)(2).