NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[*]
Decided November 18, 2022

*Before*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-1654

| | |
|---|---|
| THADDEUS JOSEPH BEAULIEU,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>ASHFORD UNIVERSITY, LLC, et al.<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 20-cv-02117<br><br>Robert M. Dow, Jr.<br>*Judge*. |

## O R D E R

Thaddeus Beaulieu failed to submit a complaint that stated a legal claim in a short and plain statement, despite orders from the district court about how to do so and

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the consequence (dismissal) of not doing so. As a result, the court dismissed his suit. Because that ruling was proper, we affirm.

Beaulieu, who is "partially of African American descent" and Christian, alleged in his original complaint that he enrolled at Ashford University from 2018 until 2019 and encountered two sets of problems. The first arose in an anthropology class, where his instructor reprimanded him. According to Beaulieu, his instructor faulted him for speaking about his religion (Christianity), God, and Jesus Christ. The university investigated, found that Beaulieu's classroom behavior violated the university's standards, and suspended him. The second problem arose with the Department of Veterans Affairs (VA). As a military veteran, he sought funding for his education from the VA. The VA originally provided him with funding, although not as much as Beaulieu anticipated, because he was not a full-time student under the VA's rules (though he was under Ashford's requirements). Later, the VA discontinued Beaulieu's benefits based on its finding that his behavior at Ashford "showed a sustained pattern of impaired judgment and inappropriate behavior undeterred by Ashford's previous warnings."

Beaulieu filed his suit against Ashford, federal officers, and others in state court. He claimed that they committed unlawful racial and religious discrimination, fraud, slander, conspiracy, harassment, and negligence. The defendants removed the case to federal court, substituted the United States for the federal officers under the Federal Torts Claims Act, 28 U.S.C. § 2679(d)(1), and moved to dismiss the case.

In an opinion of nearly 30 pages, the district court analyzed and dismissed every claim. It observed that several claims failed on threshold matters such as standing, preemption, personal jurisdiction, and failure to exhaust administrative remedies against the United States. Then it focused on Beaulieu's allegations of religious and racial discrimination against Ashford under Titles IV and VI of the Civil Rights Act of 1964. See 42 U.S.C. § 2000c; 42 U.S.C. § 2000d. It explained that Title IV does not provide a private right of action, 42 U.S.C. § 2000c-6, and Title VI does not bar religious discrimination by federally funded educational institutions, though it does bar race discrimination. See 42 U.S.C. § 2000d. Beaulieu's race discrimination allegations, the court thought, "teeter[ed] on the edge of stating such a claim," but they nonetheless failed because Beaulieu never alleged that anyone at the university took action against him because of his race. The remaining state-law claims also failed because the allegations were too conclusory.

The district court allowed Beaulieu to seek leave to propose a new, amended complaint if it contained a short and plain statement of his claims, FED. R. CIV. P. 8(a),

10(b), and added factual details that cured the existing defects. If the amendment did not do so, the court warned Beaulieu, then it could dismiss his suit with prejudice.

Beaulieu's proposed amended complaint failed to satisfy the rules. In it, Beaulieu did not cure the complaint's defects, and he abandoned all federal claims and defendants except Ashford. This left only state-law claims against the university for defamation, violation of the Illinois consumer-fraud statute, 815 ILL. COMP. STAT. 505/1, and negligence, all set out in a complaint of nearly 80 pages (expanded from the original complaint of under 10 pages). The court rejected the new complaint. It reasoned that the proposed complaint did not address adequately Ashford's qualified privilege in matters of discipline, and its conclusory allegations continued to "fall well short" of complying with the Federal Rules.

Beaulieu appeals the district court's dismissal of his original complaint and his proposed amendments. We review de novo the dismissal of a complaint for failure to state a claim, and we review for abuse of discretion the denial of leave to amend. *DJM Logistics, Inc. v. Fedex Ground Package Sys., Inc.*, 39 F.4th 408, 412–13 (7th Cir. 2022).

The district court properly dismissed Beaulieu's original complaint. We agree with the district court that the only allegations there that approached stating a claim were those that invoked Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d. To state a claim under that law, a plaintiff must allege, among other things, intentional discrimination based on race. *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001). But Beaulieu did not do so. He mentioned his race and that of other students, and he recited legal conclusions, but his allegations did not give fair notice to Ashford that he was asserting that his race motivated Ashford's actions. This missing notice was fatal. *Cannon v. Univ. of Chi.*, 648 F.2d 1104, 1109–10 (7th Cir. 1981); see also *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885–86 (7th Cir. 2012). Even after the district court gave Beaulieu a chance to supply that missing notice, he never did; he abandoned the claim instead.

The court also properly dismissed Beaulieu's proposed complaint containing only state-law allegations against Ashford. District courts have broad discretion to resolve requests for leave to file amended complaints. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). When a district court orders a plaintiff to supply missing allegations, we "giv[e] the district court the benefit of the doubt" and "treat its order as one under Rule 12(e)" of the Federal Rules of Civil Procedure. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848–49 (7th Cir. 2017). That Rule allows a court to strike a complaint that fails to supply "a more definite statement" that the court has reasonably requested.

See *id.* Yet despite such an order and clear guidance from the court, Beaulieu did not do so in the final version of his complaint.

We first address his defamation claim. A defamation plaintiff may not recover against a defendant, such as a university, that has a duty to disclose statements (such as those about misconduct) to third parties unless the defendant intentionally or recklessly published false statements to others. See *Smock v. Nolan*, 361 F.3d 367, 372 (7th Cir. 2004); *Mauvais-Jarvis v. Wong*, 987 N.E.2d 864, 884–86 (Ill. App. Ct. 2013). Although Beaulieu asserted the legal conclusion that Ashford's dean had malice or was reckless in reporting misconduct, the district court permissibly required him to furnish more definite details about the dean's alleged actions. But Beaulieu never did nor does he explain why he could not or should not supply them.

The claim under the Illinois Consumer Fraud Act similarly fails. Beaulieu asserts that an Ashford counselor did not tell him about the requirements to obtain funding from the VA. Because this claim involves fraud, Beaulieu had to satisfy the heightened standard of Rule 9(b) and allege that the counselor deceptively concealed information with an intent that Beaulieu rely on that deception to his detriment. See *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019)). But Beaulieu never alleged in his proposed complaint or on appeal that his university counselor intended for him to rely to his detriment on anything that the counselor did not say.

Finally, Beaulieu did not state a claim against Ashford for negligence. To state a negligence claim, a plaintiff needs to "plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1148 (7th Cir. 2010). The district court ordered Beaulieu to identify the first element of duty, but he did not. He merely asserted that the university owed him a duty "to not slander" him or to not "use unfair business practices." Repackaging the defamation and fraud claims as negligence claims is futile when the defamation and fraud claims are themselves defective.

AFFIRMED